FILED
SUPERIOR COURT
OF GUAM

2023 AUG 25 PM 1:49

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**NATHAN JON OJEDA,**<br>DOB: 04/11/1987<br><br>Defendant. | **Criminal Case No. CF0011-23**<br>GPD Report No. 23-00365<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR SUPPRESS FOR FAILURE TO PROVIDE DISCOVERY** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 6, 2023 for hearing on Nathan Jon Ojeda's ("Defendant's") Motion to Dismiss or Suppress for Failure to Provide Discovery ("Motion"). Assistant Attorney General Basil O'Mallan represents the People, and Assistant Public Defender Jocelyn Roden represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

In January of 2023, Defendant was arrested and indicted on charges of: Aggravated Murder (as a 1st Degree Felony), with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Murder (as a 1st Degree Felony), with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; Possession of a Firearm Without a Firearms Identification Card (as a 3rd Degree Felony); and Possession of an Unregistered Firearm (as a 3rd Degree Felony). See Indictment (Jan. 13, 2023). The charges concern the killing of Anthony Herrera Mendiola, who was shot to death in front of his house. Id.

Decision and Order Denying Defendant's Motion to Dismiss or suppress for Failure to Provide Discovery
CF0011-23, *People of Guam v. Nathan Jon Ojeda*
Page 1 of 4

The evidence against Defendant includes two firearms, 9mm bullets, and casings found in Defendant's possession, a ballistics report, and results of a gunshot residue test taken on Defendant's person, clothing, and the confiscated materials.

On January 13, 2023, Defendant filed his Motion for Discovery. Defendant sought disclosure of "all materials which must be provided according to 8 G.C.A. § 70.10", "any documents, recordings, or writings which pertain to these charges", and "copies of all crime lab investigation reports, and a listing of all evidence held by the crime lab or any other law enforcement agency pursuant to this matter". See Motion for Discovery (Jan. 13, 2023).

On June 13, 2023, Defendant filed his Motion to Dismiss or Suppress for Failure to Provide Discovery. Defendant claims that the ballistics and gunshot residue test results still have not been disclosed, warranting dismissal of the charges. See Motion at 3 (Jun. 13, 2023). Alternatively, Defendant seeks to suppress testimony of any government witness regarding the firearms confiscated or the bullets/casings found. Id. at 3.

On June 28, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim they have not yet received the gunshot residue test results, but promised to disclose them upon receipt. See Opposition at 1-2 (Jun. 28, 2023). The People also claimed to have since disclosed the ballistic test results, and argued any delay in disclosure was "reasonable under the circumstance" given that Defendant initially waived his speedy trial right before recently asserting. Id. at 1.

The Court held a hearing on July 6, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **Pretrial Discovery Standards:**

8 G.C.A. § 70.10 imposes the following discovery obligations on prosecutors:

> (a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:

Decision and Order Denying Defendant's Motion to Dismiss or suppress for Failure to Provide Discovery
CF0011-23, *People of Guam v. Nathan Jon Ojeda*
Page **2** of 4

(1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

(3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

(b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

When a party fails to comply with a court's discovery orders, "the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." See 8 G.C.A. § 70.45. While dismissal is a possible remedy, it is considered "better policy… to apply sanctions which affect the evidence at trial and the merits of the case as little as possible". See Note to 8 G.C.A. § 70.45 (citation omitted). However, "dismissal is appropriate where government misconduct is 'grossingly shocking and so outrageous as to violate the universal sense of justice.'" See *People v. Naich*, 2013 Guam 7 at ¶ 28 (quoting *U.S. v. Sarcenelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

II. **Application:**

Any disclosure delay attributed here to the People concerning the ballistics report or gunshot residue test results does not meet the high level of flagrant and prejudicial misconduct necessary to warrant dismissal of the case. The People haven't displayed any misconduct in not disclosing the gunshot residue test results since they haven't received them yet. See Court Recording at 2:00:00 (Jul. 6, 2023).

Furthermore, the People claim they did disclose the ballistics test results after their receipt. Id. at 1:59:40. While this disclosure was made after the May 30, 2023 pre-trial conference,

Decision and Order Denying Defendant's Motion to Dismiss or suppress for Failure to Provide Discovery
CF0011-23, *People of Guam v. Nathan Jon Ojeda*
Page 3 of 4

Defendant still had time to adequately prepare for trial. See *People v. Tuncap*, 1998 Guam 13 at ¶ 25 (finding belated discovery made eight days before trial did not create enough prejudice warranting dismissal).

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion. The charges against Defendant will not be dismissed. The People are ordered to promptly disclose the gunshot residue test results to Defendant upon their receipt. The Court also reserves the right to deny the introduction of evidence not submitted before the May 30, 2023 pre-trial conference date if the People are not able to provide a good cause for the delay.

August 25, 2023

**IT IS SO ORDERED** this _____.

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss or suppress for Failure to Provide Discovery
CF0011-23, *People of Guam v. Nathan Jon Ojeda*
Page 4 of 4